# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MATTHEW WEEDMAN,

          Petitioner,

vs.

EARL HOUSER,

          Respondent.

Case No. 3:21-cv-00017-RRB

## ORDER OF DISMISSAL

Matthew Weedman, representing himself from Goose Creek Correctional Center, has filed a habeas petition under 28 U.S.C. § 2241, and additional documents, claiming the state court is denying his rights in his state criminal case.[1] The Court takes judicial notice[2] that Mr. Weedman was arraigned on May 29, 2019, that his criminal case in the Superior Court for the State of Alaska is ongoing, and that he remains incarcerated.[3]

---

[1] Dockets 1, 3, 5; *State of Alaska v. Matthew Duwayne Weedman*, Alaska Superior Court Case No. 3AN-19-05168CR.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[3] *See* https://records.courts.alaska.gov/eaccess/search, *State of Alaska v. Matthew Duwayne Weedman,* 3AN-19-05168CR (7/13/21 discovery hearing reset for 8/10/21;

Further, the Supreme Court for the State of Alaska and its Chief Justice have issued Special Orders regarding COVID-19 and criminal jury trials. Trials involving both felonies and misdemeanors may now be held, after being postponed beginning on March 15, 2020, when Alaska's speedy trial rule was suspended.[4] In the spring and summer of this year, vaccinations for COVID-19 were being given to Alaskans in more significant numbers,[5] and trials gradually resumed.[6]

The Court screened the Petition, using liberal construction,[7] and because a petitioner may properly challenge state pretrial detention under § 2241,[8]

---

counsel at public expense re-appointed, 7/15/21 representation hearing); *see also* https://vinelink.vineapps.com/search/persons.

[4] *See* http://www.courts.alaska.gov/covid19/index.htm#socj (*see, e.g.*, 6/21/21 Order No. 8289, and 3/15/20 Order No. 8130).

[5] *See* https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (as of 7/20/21, 652,546 Covid-19 vaccine doses have been given in Alaska).

[6] *See* http://www.courts.alaska.gov/covid19/index.htm#socj.

[7] Docket 8; *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See McNeely v. Blanas*, 336 F.3d 822, 832 (9th Cir. 2003) ("Because his Sixth Amendment right to a speedy trial has been violated, Petitioner should be immediately released from custody with prejudice to re-prosecution of the criminal charges. *See Strunk v. United States,* 412 U.S. 434, 439–40 … (1973) (holding that violation of Sixth Amendment speedy trial rights requires dismissal)."); *Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004); *Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999) (federal courts have general habeas jurisdiction under 2241).

appointed counsel to represent Mr. Stern in these proceedings.[9] Counsel has now filed a Motion for Leave to Withdraw Pursuant to *Anders v. California*.[10]

## *ANDERS'* MOTION

In his Anders' motion, Mr. Weedman's lawyer explains the reasons he can find no "non-frivolous claims for federal court intervention based on the State of Alaska's purported violations of [Mr. Weedman's] federal constitutional rights to due process and a speedy trial" under the Sixth and Fourteenth Amendment and 28 U.S.C. § 2241.[11]

Mr. Weedman has been charged with ten counts of sexual abuse of a minor in the second degree, with each count representing a separate act of sexual intercourse between Mr. Weedman and a minor female, when he was 27 years old and the alleged victim was 14.[12] "As a second felony offender, Mr. Weedman faces a presumptive sentencing range of ten to 25 years' incarceration on each count," with a "statutory maximum sentence [of] 99 years."[13] Bail was initially set

---

[9] Docket 12; *see* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[10] Docket 19; *Anders v. California*, 386 U.S. 738 (1967); *see also United States v. Griffy*, 895 F.2d 561 (9th Cir. 1990).

[11] Docket 19 at 1.

[12] *Id*. at 2.

[13] *Id*.

Case 3:21-cv-00017-SLG-MMS, *Weedman v. Houser*
Order of Dismissal
Page 3 of 13

at $25,000 cash bond, and was not reduced to a proposed $1,000, after a bail hearing at which "[t]he prosecutor argued that release on home confinement was not sufficient to protect the public because the offenses took place in Weedman's residence as well as the residences of others…. The prosecutor also noted that Mr. Weedman had been on probation for less than one month at the time the new offenses took place."[14]

## DISCUSSION

For the reasons explained below, this Court should not intervene in Mr. Weedman's state criminal case.[15]

## I. Speedy Trial Claim

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction[16] over a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[17] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[18] A writ of habeas corpus allows an

---

[14] *Id*. at 3–4. "The complaining witness appeared telephonically." *Id*. at 3.

[15] Although counsel suggests Mr. Weedman be granted time to seek re-appointment of counsel and/or permission to proceed pro se, *id*. at 2, Mr. Weedman filed his petition pro se, and no licensed attorney is likely to find non-frivolous grounds for relief.

[16] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[17] 28 U.S.C. § 2241(c)(3).

[18] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (*quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

individual to test the legality of being detained or held in custody by the government.[19]

The four-part test articulated by the Supreme Court in *Barker v. Wingo*[20] is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[21] The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient."[22] However, "[t]he length of delay is the threshold factor."[23]

---

[19] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[20] *Barker v. Wingo*, 407 U.S. 514 (1972).

[21] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[22] *Id.* (citing *Barker*, 407 U.S. at 530); *see also United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F. Supp. 3d ___, 2020 WL 5995226, at *3 (E.D. Cal. Oct. 9, 2020) (Discussing the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

[23] *United States v. Myers,* 930 F.3d 1113, 1119 (9th Cir. 2019) (citing *Doggett*, *supra*).

In *McNeely*,[24] the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed, triggering an inquiry under *Barker*.[25] And the United States Supreme Court has noted that "the lower courts have generally found post accusation delay 'presumptively prejudicial' at least as it approaches one year."[26] The Alaska Superior Court record shows that Mr. Weedman was arraigned over two years ago.[27] However, the COVID-19 pandemic intervened.

As reported to date, in Alaska, there have been 69,891 total resident cases of COVID-19, and 374 total resident deaths; in the United States, there have been 34,167,679 cases, and 609,488 deaths; and worldwide, there have been 191,288,940 cases, and 4,102,509 deaths.[28]

As explained by the Court of Appeals for the Ninth Circuit, when addressing the suspension of criminal jury trials and the right to a speedy trial:

> The global COVID-19 pandemic has proven to be extraordinarily serious and deadly. In response, many

---

[24] 336 F.3d at 826.

[25] 407 U.S. 514 (1972).

[26] *Doggett*, 505 U.S. at 652 n.1 ("We note that, as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry.") (citations omitted).

[27] *Alaska v. Weedman,* 3AN-19-05168CR (5/29/19 arraignment).

[28] *See* https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (7/20/21 update).

> state and local governments entered declarations curtailing operations of businesses and governmental entities that interact with the public. Beginning on March 13, 2020, the Central District of California—in light of the exigent circumstances brought on by the pandemic and the emergencies declared by federal and state officials—issued a series of emergency orders….
>   Each order was entered … with the stated purpose "to protect public health" and "to reduce the size of public gatherings and reduce unnecessary travel," consistent with the recommendations of public health authorities.[29]

In addition to the general suspension of trials for "good cause" as a result of the pandemic, Mr. Weedman's lawyer explains that the majority of the delays in Mr. Weedman's criminal case can be "attributed to requests for continuances by Weedman and/or his court-appointed counsel to prepare for trial."[30] And "[b]y all appearances, the Alaska court system is making good faith efforts to accommodate the interests of criminal defendants, balanced against the interests of the public. Counsel cannot say in good conscience that the grounds for the delay are unreasonable, or that they constitute a violation of the speedy trial clause of the Sixth Amendment. Nor has the state trial court prohibited Mr. Weedman from litigating his speedy trial claims. The Superior Court denied his motion in a written order."[31] Mr. Weedman's attorney further explains that

---

[29] *United States v. Olsen*, 995 F.3d 683, 687 (9th Cir. 2021) (citations omitted).

[30] Docket 19 at 8.

[31] *Id*. at 8–9; Docket 19-3.

Mr. Weedman is unprepared to go to trial at this time, and that there is no indication that he has been prejudiced by the delay.[32]

## II. Pretrial Detention

The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.[33] Thus, although a state may "impose conditions on an arrestee's release, such as bail … [b]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment."[34] Mr. Weedman's request that he be released from incarceration raised the issue of whether the state has set appropriate conditions on his release pending trial. This request for relief is appropriate under a § 2241 petition,[35] and has been addressed by counsel in the *Anders'* motion. The Court agrees that "in light of Mr. Weedman's recent criminal history and the nature of the pending charges, it cannot be said that Mr.

---

[32] *Id*. at 9; *see also State of Alaska v. Matthew Duwayne Weedman*, 3AN-15-04647CR (5/29/19 Petition to Revoke Probation after a 2017 conviction for Assault 1 under Alaska Stat. § 11.41.200(a)(1), a Class A felony).

[33] *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (unpublished) (citing *Lopez-Valenzuela v. Arpaio,* 770 F.3d 772, 780 (9th Cir. 2014)).

[34] *Id.* (quoting *Lopez-Valenzuela*, 770 F.3d at 777).

[35] *Id.,* at *2 ("A number of circuit courts have entertained habeas petitions alleging unconstitutional detention or excessive bail prior to trial.") (citing cases).

Weedman's bail has been set in an amount higher than is reasonably necessary to protect the public and ensure Mr. Weedman's appearance."[36]

## III. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[37] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[38] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with

---

[36] Docket 19 at 10.

[37] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[38] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

the state proceeding in a way that *Younger* disapproves.[39]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Weedman's criminal case in state court remains ongoing.[40] Mr. Weedman's allegation, that he is being denied his right to a speedy trial in state court, has been addressed in his state trial court proceedings.[41] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[42] Counsel has made it clear that intervention is not required in Mr. Weedman's case where, although he previously claimed that he was unable to raise this issue in the state court,[43] he has since been able to do so.[44]

---

[39] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[40] *See Alaska v. Weedman,* 3AN-19-05168CR.

[41] Docket 19-3; *see Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[42] *Page,* 932 F.3d at 903.

[43] Docket 1-1 at 1 ("Criminal Deficiency Memo" from the Alaska Court, showing that Mr. Weedman was unable to assert his right to a speedy trial in his criminal case, because he was represented by counsel).

[44] Docket 19-3.

Case 3:21-cv-00017-SLG-MMS, *Weedman v. Houser*
Order of Dismissal
Page 10 of 13

Case 3:21-cv-00017-RRB   Document 21   Filed 07/21/21   Page 10 of 13

## IV. Exhaustion

Exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[45] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless special circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[46]

The Court should only address Mr. Weedman's speedy trial claim after he fully exhausts his state court remedies.[47] While Mr. Weedman brought

---

[45] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted *available* state remedies); *Stow*, 389 F.3d at 886; *Reem*, 2017 WL 6765247, at *2 ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

[46] *Carden*, 626 F.2d at 83–85.

[47] *See, e.g., Stack*, 342 U.S. at 6–7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a

motions regarding his right to a speedy trial and conditions of release in his state case, he did not exhaust the issues on appeal.[48]

**Therefore, IT IS HEREBY ORDERED:**

1. The Motion for Leave to Withdraw Pursuant to *Anders v. California*, at Docket 19, is GRANTED.

2. This case is DISMISSED.

3. Any other outstanding motions are DENIED as moot.

4. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of appealability.[49] Any further request for a Certificate of Appealability must be

---

speedy trial.… Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[48] *Alaska v. Weedman,* 3AN-19-05168CR (5/10/21, Order Denying Motion #6, "Request for Common Law Order for Dismissal Speedy Trial Violation," and Order Denying Motion #9, "Request for Common Law Order for Covid 19 Prisoner Release"); *see also* https://appellate-records.courts.alaska.gov/CMSPublic/Search (showing no appeal).

[49] *See* 28 U.S.C. 2253(c):
   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
*See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (citation omitted).
For the reasons set forth in this Order, Mr. Weedman has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the

addressed to the Ninth Circuit Court of Appeals.[50]

      5.      The Clerk of Court will enter Judgment accordingly.

Dated at Anchorage, Alaska, this 21st day of July, 2021.

                                                    */s/ Ralph R. Beistline*
                                                    RALPH R. BEISTLINE
                                                    Senior United States District Judge

---

district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Mr. Weedman has not been incarcerated for a substantial time under federal law considering that his arrest was in conjunction with the revocation of his parole on a different felony conviction, he is not ready to proceed to trial, and the pandemic has delayed criminal proceedings for good cause nation-wide. He may, however, continue to make appropriate arguments in his state proceedings.

[50] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.